**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3484
_____

UNITED STATES OF AMERICA

v.

ALVIN THOMAS,
                    Appellant
_____

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(No. 3-14-cr-00033-003)
District Judge: Hon. Curtis V. Gomez
_____

Submitted December 12, 2019
_____

Before: SMITH, Chief Judge, MCKEE, and SHWARTZ, Circuit Judges.

(Filed: January 10, 2020)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

Alvin Thomas appeals the District Court's order denying his motion to suppress

his statement to police following his arrest for an armed robbery.  Because the police had

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

probable cause to arrest Thomas, and his statement followed a lawful arrest, the statement was not subject to suppression. The Court therefore correctly denied his suppression motion, and we will affirm.

I

Thomas was arrested for the armed robbery of Imperial Jewelers in St. Thomas, Virgin Islands. Upon his arrest, Thomas gave a statement to Virgin Islands Police Department ("VIPD") officers and drew a diagram of the path that he and his co-defendants took to flee from the store. Thomas was charged with three other defendants for his involvement in the armed robbery and related crimes. Thomas moved to suppress his post-arrest statement and the diagram, arguing, among other things, that his arrest was unlawful because the police did not have probable cause to arrest him and thus the confession was the fruit of an unlawful arrest.

The District Court held a hearing and considered testimony from various individuals, including Thomas and VIPD Officers Derick Greaves and Dora Theda-Charles. Greaves testified that he was off duty the day of the robbery when he heard a call over the radio that an alarm was activated at Imperial Jewelers and then another call that there "was an armed robbery in progress, and the suspect was supposed to be fleeing toward Back Street." App. 103. Greaves heard two more calls about the location of the suspects, including that suspects were "fleeing up Fire Burn Hill towards the governor's residence" and "going through the bushes." App. 104. In addition, a call relayed that "a rasta male [was] running towards Vester Gade." App. 109. Greaves went in the direction of the governor's residence, stopped his car in front of the residence to put on his vest,

2

and when he looked up, he saw a man coming out of the bushes. Greaves ran towards the man, later identified as Thomas, ordered him to the ground, and handcuffed him. Responding to the calls, Officer Charles went to Fire Burn Hill, where she found Greaves and assisted with handcuffing Thomas. Charles said Thomas "had little bits of brush on him, he was sweaty, . . . shaking[, and] . . . crying." App. 124-25. According to Greaves, Thomas said that he saw men in the bushes with guns, got scared, and ran away.

Thomas also testified. Thomas said that he had been walking along the road close to the governor's mansion when he heard Greaves yell "freeze," at which time he dropped to the ground and was handcuffed. App. 182.

The District Court orally denied the motion to suppress, and a jury convicted Thomas of conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951(a); interference with commerce by robbery, 18 U.S.C. §§ 1951(a) and 2; and conspiracy to possess a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(o). Thomas was sentenced to 85 months' imprisonment. He appealed.

We vacated the District Court's order denying the motion to suppress and remanded for the Court to make findings regarding probable cause or, in the absence of probable cause, to determine "whether [Thomas's] statement was sufficiently attenuated from the unlawful arrest" such that it need not be suppressed. United States v. Fredericks, 684 F. App'x 149, 157 (3d Cir. 2017).

On remand, the District Court made findings and again denied Thomas's motion to suppress. United States v. Thomas, No. 14-cr-33, 2018 WL 5292049, at *6 (D.V.I.

3

Oct. 24, 2018). The Court concluded that Thomas was not entirely credible,[1] id. at *5, and, based on the totality of the circumstances—Thomas's emergence from the bushes, the location where the suspects were fleeing, and his physical appearance, id. at *4— there was probable cause to arrest Thomas as a suspect in the armed robbery, id. at *5. Thomas appeals.

II[2]

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Fredericks, 684 F. App'x at 157 (alteration in original) (quoting Devenpeck v. Alford, 543 U.S. 146, 152 (2004)).[3] In other words, an officer may arrest a person only if "there is a 'fair probability' that the person committed the crime at issue." Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997)). "[T]he facts and circumstances within the arresting officer's knowledge" must be "sufficient in themselves

---

[1] The District Court's credibility determinations are not challenged on appeal.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 3241 and 48 U.S.C. § 1612. We have jurisdiction pursuant to 28 U.S.C. § 1291. We "review[ ] the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[ ] plenary review of the District Court's application of the law to those facts." United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

[3] Although Fredericks is a non-precedential opinion and thus not binding precedent, see I.O.P. 5.7, we cite it here as the law of the case, see In re City of Phila. Litig., 158 F.3d 711, 717-18 (3d Cir. 1998).

to warrant a reasonable person to believe an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995).

The District Court correctly concluded that probable cause existed to arrest Thomas based on its factual findings that: multiple calls were made to VIPD that morning about an activated alarm and ongoing armed robbery; subsequent calls indicated that the robbery suspects were fleeing up a hill towards the governor's residence and through the bushes; Greaves went to this exact location, at which point he saw a man, later identified as Thomas, appear from the bushes, and Thomas was sweaty, shaking, crying, and covered in bits of brush. While the officers had a physical description of one suspect, described as a rasta male, no evidence was adduced that all suspects were described in such a way. In any event, the location information relayed, Thomas's presence at that location at a time proximate to the report of the suspects' flight, and Thomas's physical appearance, in totality, would provide a reasonable person sufficient basis to believe Thomas was involved in the robbery at Imperial Jewelers. Contra Ybarra v. Illinois, 444 U.S. 85, 91 (1979) (holding police had no probable cause to arrest an individual where he made no gestures or movements "indicative of criminal conduct," said nothing suspicious, and was merely in a public place believed to be the location of a crime). Because the officers had probable cause to arrest Thomas, no unlawful arrest occurred that could have tainted the confession. Therefore, the Court properly concluded that the confession was not subject to suppression.[4]

---

[4] Because the police had probable cause to arrest Thomas, and therefore his statement was not the fruit of an unlawful arrest, we need not consider whether Thomas's

5

## III

For the foregoing reasons, we will affirm the District Court's order denying

Thomas's motion to suppress.

---

statement was attenuated from his arrest. Fredericks, 684 F. App'x at 157 (holding fruits of an illegal "arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality," but "[w]hen a confession is 'sufficiently an act of free will to purge the primary taint of the unlawful [arrest],' it may be admissible," (first quoting New York v. Harris, 495 U.S. 14, 19 (1990)); and then quoting Wong Sun v. United States, 371 U.S. 471, 486 (1963))).